Janet M. Herold
Regional Solicitor
Daniel J. Chasek
Associate Regional Solicitor
**Boris Orlov, Attorney** (CSBN #223532)
Office of the Solicitor
United States Department of Labor
350 So. Figueroa St., Suite 370
Los Angeles, California 90071-1202
    Telephone: (213) 894-5410
    Facsimile:  (213) 894-2064
orlov.boris@dol.gov

Attorneys for the Plaintiff

JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **THOMAS E. PEREZ**,<br>  Secretary of Labor,<br>  United States Department of Labor,<br><br>           Plaintiff,<br><br>           v.<br><br>**FASHION GRAPHICS, LLC**<br>  a California Limited Liability Company,<br>**STEPHEN DEMKO,** individually and as<br>  managing agent of Fashion Graphics, LLC,<br><br>           Defendants. | Case No. SACV13-1494 JFW(DFMx)<br><br>**CONSENT JUDGMENT** |

      Plaintiff Thomas E. Perez, Secretary of Labor, United States Department of Labor ("Secretary") and Defendants, Fashion Graphics, LLCa California Limited Liability Company and Stephen Demko, individually and as managing agent of Fashion Graphics, LLC(collectively "Defendants"), have agreed to resolve the matters in controversy in this civil action and consent to the entry of this Consent Judgment in accordance here-

with:

A. The Secretary has filed a Complaint alleging that Defendants violated provisions of Sections 15(a)(1), 15(a)(2) and 15(a)(5) of the Fair Labor Standards Act of 1938, as amended ("FLSA"), 29 U.S.C. §§ 215(a)(1), 215(a)(2) and 215(a)(5).

B. Defendants have appeared and having retained defense counsel acknowledge receipt of a copy of the Secretary's Complaint.

C. Defendants waive issuance and service of process and waive answer and any defenses to the Secretary's Complaint.

D. The Secretary and Defendants waive Findings of Fact and Conclusions of Law, and agree to the entry of this Consent Judgment in settlement of this action, without further contest.

E. Defendants admit that the Court has jurisdiction over the parties and subject matter of this civil action and that venue lies in the Central District of California.

F. Defendants understand and agree that demanding or accepting any of the funds due employees under this Judgment or threatening any employee for accepting money due under this Judgment or for exercising any of their rights under the FLSA is specifically prohibited by this Judgment and may subject the Defendants to equitable and legal damages, including punitive damages and civil contempt.

It is therefore, upon motion of the attorneys for the Secretary, and for cause shown,

ORDERED, ADJUDGED, AND DECREED that the Defendants, their officers, agents, servants, and employees and those persons in active concert or participation with them who receive actual notice of this order (by personal service or otherwise) be, and they hereby are, permanently enjoined and restrained from violating the provisions of Sections 15(a)(1), 15(a)(2) and 15(a)(5) of the FLSA, 29 U.S.C. §§215(a)(1), 215(a)(2) and 215(a)(5), in any of the following manners:

1. Defendants shall not, contrary to FLSA § 7, 29 U.S.C. § 207, employ any employee who in any workweek is engaged in commerce, within the meaning of the FLSA,

or is employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of FLSA § 3(s), for any workweek longer than 40 hours unless such employee receives compensation for his or her employment in excess of 40 hours in such workweek at a rate not less than one and one-half times the regular rate at which he or she is employed.

2. Defendants shall not fail to make, keep, make available to authorized agents of the Secretary for inspection, transcription, and/or copying, upon their demand for such access, and preserve records of employees and of the wages, hours, and other conditions and practices of employment maintained, as prescribed by regulations issued, and from time to time amended, pursuant to FLSA §§ 11(c) and 15(a)(5), 29 U.S.C. §§ 211(c) and 215(a)(5) and the implementing regulations found in Title 29, Code of Federal Regulations, Part 516.

3. Defendants shall not, contrary to FLSA § 15(a)(1), 29 U.S.C. § 215(a)(1), transport, offer for transportation, ship, deliver, or sell in commerce (or ship, deliver, or sell with knowledge or reason to believe that shipment, delivery, or sale in commerce is intended) goods in the production of which any employee (of the Defendant(s) or other(s)) has been employed in violation of the FLSA's minimum wage (29 U.S.C. § 206) or overtime pay provisions (29 U.S.C. § 207);

4. Overtime pay in the amount of $75,669 is hereby found to be due under the FLSA to 64 employees, as a result of their employment by Defendants during the period of April 17, 2010 through April 20, 2013 ("back wage accrual period") as set forth in the attached Exhibit 1, showing the name of each employee and listing on the same line the gross backwage amount due the employee and the period covered by the Consent Judgment.

5. Liquidated damages in the amount of $75,669 (constituting 100 percent of the back wages that so became due) are hereby found to be due under the FLSA.

6. Civil money penalties in the amount of $19,712 are assessed against the Defendants and finally determined, pursuant to authority granted in FLSA § 16(e), 29

U.S.C. §216(e) for violations of the overtime pay provisions of the FLSA during the backwage accrual period.

7. Defendants have fully satisfied the monetary provisions of this Judgment contained in paragraphs 4, 5 and 6.

8. The Secretary shall allocate and distribute the funds described in paragraphs 4 and 5 to the persons named in the attached Exhibit 1, or to their estates if that be necessary, in her sole discretion, and any money not so paid within a period of three years from the date of its receipt, because of an inability to locate the proper persons or because of their refusal to accept it, shall be then deposited in the Treasury of the United States, as miscellaneous receipts, pursuant to 29 U.S.C. § 216(c).

9. Defendants shall amend and maintain their payroll practices to comply with the FLSA. To accomplish the provisions of this paragraph:

    a. Defendants shall record all hours worked by employees in the payroll records.

    b. Defendants shall maintain all timecards and payroll records for a period of not less than three years.

    c. Defendants shall reflect all the amounts paid to employees, regardless of the manner of payment, on the payroll records.

    d. Defendants shall pay employees for all compensable waiting time.

    e. Defendants shall not direct supervisors or payroll preparers to falsify timecards in any manner including reducing the number of hours worked by employees.

    f. Defendants shall not request, require or otherwise cause employees to sign inaccurate timecards.

    g. Defendants shall not require employees to work "off the clock" either before or after their shift.

    h. Defendants shall record all work performed by a single employee during a pay period on one time card and not split up the hours worked on multiple

time cards regardless of the number of duties or tasks performed by that employee;

10. Defendants, their officers, agents, servants, and employees and those persons in active concert or participation with them, shall not in any way directly or indirectly, demand, require or accept any of the backwages, or liquidated damages from any of the employees listed on the attached Exhibit 1. Defendants shall not threaten or imply that adverse action will be taken against any employee because of their receipt of funds due under this Judgment. Violation of this paragraph may subject the defendants to equitable and legal damages, including punitive damages and civil contempt.

11. Defendants, their officers, agents, servants, and employees and those persons in active concert or participation with them, shall not in any way retaliate or take any adverse employment action, or threaten or imply that adverse action will be taken against any employee who exercises or asserts his or her rights under the FLSA or provides information to any public agency investigating compliance with the FLSA. Violation of this paragraph may subject the defendants to equitable and legal damages, including punitive damages and civil contempt.

12. On at least an annual basis, Defendants shall hire an independent third party to conduct training at each location as to the requirements of the FLSA. The training shall be for one session of not less than one hour with an opportunity for questions and answers and shall address the FLSA's minimum wage, overtime, record keeping, and anti-retaliation requirements. All supervisors as well as the individuals who determine the employees' pay or schedules or who prepare payroll shall attend this training. Defendants shall maintain documentation of these trainings for a period of four years and provide it to representatives of the Secretary of Labor upon their request. This provision shall be in effect for a period of two years from the date of entry of this Judgment by the Court.

13. Within the first six months of the execution of this Judgment, Defendants shall allow representatives of the Wage and Hour Division of the U.S. Department of

Labor to conduct a presentation at each business location as to the requirements of the FLSA and this Judgment. Defendants shall require all employees to attend this presentation during work hours and allow them to ask questions and speak confidentially to Wage and Hour representatives.

14. Within 30 days of the entry of this Judgment Defendants shall supply all of their employees with copies of the attached Exhibit 2, which summarizes terms of this Judgment and the employees' rights under the FLSA. The English and Spanish versions are attached. In addition, Defendants shall provide copies of Exhibit 2 to all new hires, and post a copy at each business establishment in an area that is frequented by employees and where it is highly visible. This provision shall be in effect for a period of four years from the date entry of this Judgment by the Court.

ORDERED that the filing, pursuit, and/or resolution of this proceeding with the entry of this Judgment shall not act as or be asserted as a bar to any action under FLSA § 16(b), 29 U.S.C. § 216(b), as to any employee not named on the attached Exhibit 1 nor as to any employee named on the attached Exhibit 1 for any period not specified therein; and, it is further

ORDERED that each party shall bear its own fees and other expenses incurred by such party in connection with any stage of this proceeding, including but not limited to attorneys' fees, which may be available under the Equal Access to Justice Act, as amended; and, it is further

ORDERED that this Court shall retain jurisdiction of this action for purposes of enforcing compliance with the terms of this Consent Judgment.

Dated: October 1, 2013.   _____
John F. Walter, District Court Judge

For the Defendants:
The Defendants hereby appear, waive any defense herein, consent to the entry of this Judgment, and waive notice by the Clerk of Court:

For: FASHION GRAPHICS, LLC

By: _Stephen Demko_ _____  9/16/13
                                                Date

Its: _President_____

For: Stephen Demko

By: _____  9/16/13
  Stephen Demko, Individually       Date

Attorneys for the Defendants,
Johnson & Associates

_____
Randall K. Johnson, Attorney

9/10/13
Date

1 For the Plaintiff:

2 M. PATRICIA SMITH
3 Solicitor of Labor

4 JANET M. HEROLD
5 Regional Solicitor

6 DANIEL J. CHASEK
7 Associate Regional Solicitor

8

9 *[signature]*          9- 30-/3
10 BORIS ORLOV, Attorney      Date
11 Attorneys for the Plaintiff
   U.S. Department of Labor
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

EXHIBIT 1

| First Name | Last Name | Period Covered | | Back Wages | Liquidated Damages | Total |
|---|---|---|---|---|---|---|
| Alfonso | Alcocer Jose | 4/17/2010 | 4/20/2013 | $289.68 | $289.68 | $579.35 |
| Adalinda | Alvarez | 4/17/2010 | 4/20/2013 | $1,855.75 | $1,855.75 | $3,711.49 |
| Alma | Alvarez | 4/17/2010 | 4/20/2013 | $3,834.60 | $3,834.60 | $7,669.19 |
| Elucadia | Aparicio | 4/17/2010 | 4/20/2013 | $472.47 | $472.47 | $944.94 |
| Arturo | Aviles | 4/17/2010 | 4/20/2013 | $355.54 | $355.54 | $711.09 |
| Mario | Brono | 4/17/2010 | 4/20/2013 | $591.33 | $591.33 | $1,182.65 |
| Cecilia | Campero | 4/17/2010 | 4/20/2013 | $844.18 | $844.18 | $1,688.36 |
| Esther | Campero | 4/17/2010 | 4/20/2013 | $269.51 | $269.51 | $539.02 |
| Jose | Canales | 4/17/2010 | 4/20/2013 | $498.87 | $498.87 | $997.74 |
| victor | Carbajal | 4/17/2010 | 4/20/2013 | $1,021.08 | $1,021.08 | $2,042.17 |
| Jose | Chavero | 4/17/2010 | 4/20/2013 | $4,972.32 | $4,972.32 | $9,944.65 |
| Jose | Chavero Jr | 4/17/2010 | 4/20/2013 | $745.30 | $745.30 | $1,490.61 |
| Arley | Cisnero | 4/17/2010 | 4/20/2013 | $1,940.35 | $1,940.35 | $3,880.69 |
| Jova | Contreras | 4/17/2010 | 4/20/2013 | $293.08 | $293.08 | $586.15 |
| Orlando | Cortez | 4/17/2010 | 4/20/2013 | $1,881.13 | $1,881.13 | $3,762.25 |
| Oscar | Cordova | 4/17/2010 | 4/20/2013 | $254.01 | $254.01 | $508.02 |
| Luis | Davalos | 4/17/2010 | 4/20/2013 | $427.83 | $427.83 | $855.66 |
| Aurellio | Diaz | 4/17/2010 | 4/20/2013 | $260.60 | $260.60 | $521.19 |
| Karina | Diaz | 4/17/2010 | 4/20/2013 | $268.90 | $268.90 | $537.81 |
| Maricruz | Diaz | 4/17/2010 | 4/20/2013 | $773.03 | $773.03 | $1,546.05 |
| Alan | Diaz Alvarez | 4/17/2010 | 4/20/2013 | $436.29 | $436.29 | $872.58 |
| Rosa | Echeverria | 4/17/2010 | 4/20/2013 | $890.11 | $890.11 | $1,780.21 |
| Guadalupe | Fuentes | 4/17/2010 | 4/20/2013 | $462.88 | $462.88 | $925.76 |
| Cesar | Gonzales | 4/17/2010 | 4/20/2013 | $2,098.67 | $2,098.67 | $4,197.33 |
| Rafael | Gonzales | 4/17/2010 | 4/20/2013 | $2,910.22 | $2,910.22 | $5,820.43 |
| Marcos | Gutierrez | 4/17/2010 | 4/20/2013 | $361.96 | $361.96 | $723.93 |
| Maria | Guzman | 4/17/2010 | 4/20/2013 | $705.80 | $705.80 | $1,411.60 |
| James | Hanching | 4/17/2010 | 4/20/2013 | $322.28 | $322.28 | $644.57 |
| Julio | Hernandez | 4/17/2010 | 4/20/2013 | $2,050.32 | $2,050.32 | $4,100.65 |
| David | Herrera | 4/17/2010 | 4/20/2013 | $3,391.87 | $3,391.87 | $6,783.73 |
| Leticia | Jimenez | 4/17/2010 | 4/20/2013 | $1,344.52 | $1,344.52 | $2,689.05 |
| Evelia | Lopez | 4/17/2010 | 4/20/2013 | $259.84 | $259.84 | $519.68 |
| Jose | Lopez | 4/17/2010 | 4/20/2013 | $299.12 | $299.12 | $598.24 |
| Cesar | Martinez | 4/17/2010 | 4/20/2013 | $514.85 | $514.85 | $1,029.69 |
| Abraham | Mejia | 4/17/2010 | 4/20/2013 | $1,034.34 | $1,034.34 | $2,068.68 |
| Guillermo | Mejia | 4/17/2010 | 4/20/2013 | $4,211.93 | $4,211.93 | $8,423.85 |
| Habacuc | Mejia | 4/17/2010 | 4/20/2013 | $277.36 | $277.36 | $554.73 |
| Hector | Mejia | 4/17/2010 | 4/20/2013 | $265.28 | $265.28 | $530.56 |
| Eloisa | Meraz | 4/17/2010 | 4/20/2013 | $1,585.22 | $1,585.22 | $3,170.43 |
| Julieta | Miranda | 4/17/2010 | 4/20/2013 | $1,886.56 | $1,886.56 | $3,773.13 |
| Armendariz | Moises | 4/17/2010 | 4/20/2013 | $321.48 | $321.48 | $642.95 |
| Elvira | Mora | 4/17/2010 | 4/20/2013 | $1,969.95 | $1,969.95 | $3,939.91 |
| Norma | Morales | 4/17/2010 | 4/20/2013 | $822.43 | $822.43 | $1,644.85 |
| William | Morales | 4/17/2010 | 4/20/2013 | $462.50 | $462.50 | $925.00 |
| Teresa | Nava | 4/17/2010 | 4/20/2013 | $3,659.22 | $3,659.22 | $7,318.44 |
| Veronica | Nava | 4/17/2010 | 4/20/2013 | $1,075.62 | $1,075.62 | $2,151.24 |
| Monserrat | Noyola | 4/17/2010 | 4/20/2013 | $536.60 | $536.60 | $1,073.20 |

| | | | | | | |
|---|---|---|---|---|---|---|
| Gerardo | Olmas | 4/17/2010 | 4/20/2013 | $634.49 | $634.49 | $1,268.99 |
| Rudit | Ovando | 4/17/2010 | 4/20/2013 | $1,234.55 | $1,234.55 | $2,469.09 |
| Javier | Perez | 4/17/2010 | 4/20/2013 | $747.80 | $747.80 | $1,495.59 |
| Damaso | Placido | 4/17/2010 | 4/20/2013 | $3,112.05 | $3,112.05 | $6,224.09 |
| Gener | Poot | 4/17/2010 | 4/20/2013 | $982.41 | $982.41 | $1,964.82 |
| Maria | Resendiz | 4/17/2010 | 4/20/2013 | $725.14 | $725.14 | $1,450.27 |
| Violeta | Rodriguez | 4/17/2010 | 4/20/2013 | $2,114.98 | $2,114.98 | $4,229.96 |
| Elizabeth | Salazar | 4/17/2010 | 4/20/2013 | $363.78 | $363.78 | $727.55 |
| Carlos | Salinas | 4/17/2010 | 4/20/2013 | $662.82 | $662.82 | $1,325.64 |
| Yanneth | Salinas | 4/17/2010 | 4/20/2013 | $401.85 | $401.85 | $803.69 |
| Angel | Sanchez | 4/17/2010 | 4/20/2013 | $3,833.25 | $3,833.25 | $7,666.51 |
| Alejandro | Sandoval | 4/17/2010 | 4/20/2013 | $1,495.59 | $1,495.59 | $2,991.19 |
| Rene | Sandoval | 4/17/2010 | 4/20/2013 | $1,276.92 | $1,276.92 | $2,553.84 |
| Jose | Solis | 4/17/2010 | 4/20/2013 | $269.06 | $269.06 | $538.11 |
| Elva | Tafoya | 4/17/2010 | 4/20/2013 | $922.13 | $922.13 | $1,844.26 |
| Ana | Tapia | 4/17/2010 | 4/20/2013 | $574.67 | $574.67 | $1,149.34 |
| Ofelia | Zuniga | 4/17/2010 | 4/20/2013 | $310.75 | $310.75 | $621.50 |
| **Total** | | | | **$75,669.00** | **$75,669.00** | **$151,338.00** |

EXHIBIT 2

# LEGAL NOTICE TO ALL EMPLOYEES

The **Fair Labor Standards Act** provides that all employees must be paid **minimum wage** for all hours worked. In addition, employees must be paid **overtime**, at a rate of time and one half their regular rate, for the hours they work over 40 in a workweek. All employees, whether they are paid **hourly** or on a **piece or flat rate** basis are entitled to overtime when they work over 40 hours.

To resolve a lawsuit brought by the **Department of Labor**, the **United States District Court** entered an Order forbidding **FASHION GRAPHICS, LLC** from violating the overtime requirements of the **Fair Labor Standards Act**. All employees who work in this establishment can help the employer not to violate the Court's Order. **If you think you are not being paid in accordance with the law, call the U.S. Department of Labor, Wage and Hour Division, at (626) 966-0478 and your name will be kept confidential.**

# NOTICIA LEGAL A TODOS LOS EMPLEADOS

La ley de el **Fair Labor Standards Act** determina que se les debe de pagar a todos los empleados el **sueldo mínimo** por todas las horas que ellos trabajen. A su vez, también estipula que todo empleado que trabaje extra, más de 40 horas en una semana laboral, se les deberá pagar **a tiempo y medio** de lo que ganen por cada hora extra trabajada. Todos los empleados, independientemente de que se les pague por **hora** o por **pieza**, tienen derecho a que se les pague el tiempo extra cuando trabajan más de 40 horas en una semana laboral.

Para resolver una demanda laboral iniciada por el **Departamento Del Trabajo**, la **Corte de Distrito de los Estados Unidos** expidió una orden que prohíbe a **FASHION GRAPHICS, LLC,** de violar los requisitos de pago de el sueldo minimo y de el pago de sobretiempo que estipula la ley de el **Fair Labor Standards Act**.

Todos los empleados que trabajan en éste establecimiento pueden ayudar a que este empleador no viole la orden de la Corte. **Si usted piensa que no le están pagando de acuerdo a la ley, por favor llame al Departamento del Trabajo de los Estados Unidos, Division de Horas y Salarios, al (626) 966-0478. Su llamada será confidencial.**